UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-42-TWP-DML-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| HENRY WASHINGTON | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cr-00042-TWP-DML |
| | ) |
| HENRY WASHINGTON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Henry Washington's ("Washington") motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 63, 64, 69, 69-2.) Washington seeks immediate release from incarceration relying on his medical conditions, including his recent positive test for COVID-19. *Id.*[1] For the reasons explained below, his motions are **DENIED**.

**I.   BACKGROUND**

In April 2015, Washington pled guilty to possessing with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). (Dkt. 36.) As part of the plea agreement,

---

[1] Washington's original *pro se* motions (Dkt. 63, 64), sought release to home confinement under the CARES Act, but his Amended Motion does not seek relief under the CARES Act. Thus, the Court considers that request abandoned. To the extent Washington seeks to serve out the rest of his sentence on home confinement under the CARES Act, this Court lacks authority to grant such relief. Pursuant to statute, the location of a prisoner's confinement is the sole province of Bureau of Prisons, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court, therefore, does not have the authority to order the remainder of Washington's sentence to be served on home confinement. *United States v. Council*, 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). In addition, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to place inmates on home confinement, but it does not expand the courts' ability to do so. *See* Pub. L. 116-136, 134 Stat. 281, 516 (2020) (CARES Act § 12003(b)(2)). Instead, consistent with § 3582(c)(1)(A), this Court may only reduce Washington's sentence of imprisonment and impose home confinement as a condition of any supervised release.

the Government agreed to dismiss: (1) one count of possession with intent to distribute marijuana and cocaine, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and (2) one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Dkt. 32, 55, 56.) In pleading guilty, Washington stipulated that he sold 11.29 grams of cocaine to a confidential informant and that he had a handgun in his waistband when he sold the cocaine. (Dkt. 37 at 2.) He also stipulated that a search of his home resulted in the recovery of, among other things, 6 firearms, 5 boxes of ammunition, digital scales, plastic baggies, more than 700 grams of marijuana, more than 100 grams of heroin, more than 100 grams of cocaine, and more than $24,252.00 in cash. *Id.* at 3. Because Washington was at least 18 years old at the time of the instant offense of conviction; and he had two prior felony convictions for controlled substance offenses, pursuant to U.S.S.G §4B1.1(b)(2), the defendant was deemed a career offender. The advisory guideline sentencing range was 188−235 months imprisonment. In June 2015, the Court sentenced Washington to a below guideline sentence of 180 months imprisonment and 5 years of supervised release. (Dkt. No. 54, 57.)

Washington is now 63 years old. He is currently incarcerated at FCI McDowell in Welch, West Virginia. As of January 6, 2021, the Bureau of Prisons ("BOP") reports that 47 inmates and 11 staff members at FCI McDowell have active cases of COVID-19; it also reports that 245 inmates and 24 staff members at FCI McDowell have recovered from COVID-19. https://www.bop.gov/coronavirus/ (last visited Jan. 6, 2021). Washington has been in custody since October 25, 2013. The BOP reports that Washington's anticipated release date (including good conduct time) is April 16, 2028. Thus, he has served a little under half of his sentence.

Washington filed two *pro se* motions for compassionate release. (Dkt. 63, 64.) The Court appointed counsel to represent him. (Dkt. 65.) On December 22, 2020, appointed counsel filed

an amended motion for compassionate release and an emergency motion for expedited briefing. (Dkt. 69.) The Court granted the request for expedited briefing. (Dkt. 70.)

The Government responded in opposition on December 29, 2020. (Dkt. 71.) The Government notes that Washington was asymptomatic while infected with the COVID-19, he has since recovered, and they argue that none of his medical conditions are serious enough to present an "extraordinary and compelling reason" for a sentence reduction. Moreover, Washington is a danger to the community, and the factors of 18 U.S.C. § 3553(a) weigh against release. *Id.* In particular, the Government points out that Washington, a Career Offender under the sentencing guideline, has prior felony convictions for Robbery (1979), Delivery of Cocaine (1986), Escape (1987), Manufacturing / Delivery of Cocaine Base (1992), Unlawful Use of a Firearm (1995), and Possession with Intent to Deliver Cocaine (2005). (Dkt. 41 at 8-10.)

Washington replied on January 5, 2021, asserting that emergency release from imprisonment is warranted, in part, because he will be able to seek out specialists to treat his kidney disease. (Dkt. 72.) He also argues that there is more than just a mere possibility that he could contract COVID-19 for a second time while imprisoned at FCI McDowell, or at any other BOP facility. *Id.*

## II. DISCUSSION

Washington seeks an emergency release from incarceration based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 69.) On December 8, 2020, Washington became dizzy and fell while in the restroom. (Dkt. 71-3 at 34.) He was taken to medical services and examined. At the time, he had no fever, and his oxygen saturation was 98%. *Id.* He was also tested for COVID-19, and that test returned a positive result. *Id.* at 35. BOP medical records show that he remained asymptomatic after his infection and that the BOP

has considered him to be recovered since December 23, 2020. *Id.* at 1, 20. Washington does not claim to currently be experiencing any symptoms from COVID-19. (Dkt. 72.) Nonetheless, he contends that extraordinary and compelling reasons warrant his immediate release because his medical conditions (including kidney disease and hypertension) increase his risk of experiencing severe symptoms if he is reinfected and because FCI McDowell cannot protect him from reinfection. *Id.*; *see also* Dkt. 69-2. He argues that he would not be a danger to the community if released and that the sentencing factors in 18 U.S.C. § 3553(a) favor his release because he has been rehabilitated, as evidenced by the fact that he has had only one minor write-up in his seven years of incarceration and has completed drug education and non-residential drug treatment. *Id.* If released, he plans to live with his significant other in Kenosha, Wisconsin, and become a drug counselor and mentor for at-risk youth. (Dkt. 69-2 at 32.) Washington also contends that, if he were released, he could seek further treatment for his kidney disease, noting that such treatment has been postponed in the BOP because of the COVID-19 pandemic. (Dkt. 72 at 3.)

In response, the Government argues that Washington has not presented an extraordinary and compelling reason warranting a sentence reduction because he has recovered from COVID-19; Washington would be a danger to the community if released; and the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. (Dkt. 71.) In support of their dangerousness argument, the Government contends that Washington is not only a lifelong drug dealer, but rather, a heavily armed lifelong drug dealer who was on probation for his 2005 drug conviction at the time of the offense of conviction. The Government argues these facts show that Washington is unwilling or unable to conform his behavior following many convictions for similar conduct, and even while under supervision. (Dkt. 71 at 12.)

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied

---

[2] The Government concedes that Washington has exhausted his administrative remedies. (Dkt. 71 at 4.)

and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c) contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether a defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in §181.13 addresses only motions from the Director of the Bureau of Prisons. *Id*. ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . ."). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Sentencing Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Washington does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. (*See* Dkt. 69-2.)

Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case. *Id.* The Court declines to do so.[3]

The risk that Washington faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. Washington appears to have medical conditions (including kidney disease and hypertension) that put him at an increased risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 6, 2021). But Washington contracted COVID-19 almost a month ago. Other than possibly being dizzy and falling in the bathroom—which has not been attributed to his COVID-19—Washington was asymptomatic during his illness. He does not claim to be suffering from any lasting effects from the virus—or even that he ever experienced any symptoms at all. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, Dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic).

---

[3] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180–81, the Court has considered the rationale provided by the BOP in denying Washington's administrative request for relief. Washington's request appears to have been denied because he has a past history of violence. (*See* Dkt. 63-1 at 2 (Disposition reading "Do not qualify due to past violence").) Circumstances have changed significantly since Washington's administrative request was denied because he contracted COVID-19. While the BOP's Disposition provides some guidance, it is not determinative.

Washington's concern about reinfection does not change the result. The Court recognizes that FCI McDowell experienced a serious outbreak of COVID-19 and that inmates and staff members at FCI McDowell still have active cases of COVID-19. But Washington's reliance on the possibility that he will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Jan. 6, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, Dkt. 165; *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, Dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020).

To the extent Washington believes that the BOP has not provided him with adequate treatment for his kidney disease, such a complaint might conceivably support a suit for civil or injunctive relief, but it does not constitute a reason to release Washington more than seven years early.

Given the Court's determination that Washington has not shown extraordinary and compelling reasons to justify his release, the Court need not decide whether Washington is a danger to the community and whether the § 3553(a) factors weigh in favor of his release. However, the Court commends Washington for his exemplary conduct while incarcerated and his significant efforts toward rehabilitation. If Washington's health condition changes, he may file another motion for compassionate release.

## III.  CONCLUSION

For the reasons stated above, Washington's Motions for compassionate release, (Dkt. 63, Dkt. 64, and Dkt. 69), are **DENIED**.

**SO ORDERED.**

Date:  1/8/2021

*[signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

11

DISTRIBUTION:

Finis Tatum, IV
TATUM LAW GROUP, LLC
ftatum@tlgindy.com

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov